IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERALD B. MIER ]
4529 Southern Avenue ]
Anderson, Indiana 46013, ]
 ]
    Plaintiff, ]
 ]
  vs. ]  Cause No.: 3:20-cv-2614
 ]
TOLEDO SCIENCE CENTER d/b/a ]
Imagination Station ]
1 Discovery Way ]
Toledo, Ohio 43604, ]
 ]
    Defendant. ]

## COMPLAINT FOR DAMAGES
## and REQUEST FOR JURY TRIAL

Comes now the Plaintiff, JERALD B. MIER, by counsel, and for his Complaint against the Defendant, TOLEDO SCIENCE CENTER, alleges and states:

I.    THE PARTIES

1. The Plaintiff, JERALD B. MIER, ("Plaintiff"), is an adult citizen of Madison County, in the City of Anderson, State of Indiana.

2. The Defendant, TOLEDO SCIENCE CENTER, ("Defendant'), is a corporation that is incorporated under the laws of the State of Ohio, maintains its principal place of business in the City of Toledo, Lucas County, Ohio, operates a science museum under the name Imagination Station located at 1 Discovery Way in the City of Toledo, Lucas County, Ohio, and who is subject to service of process by and through it registered agent: David F. Waterman at 1000 Jackson, Toledo, Ohio 43604.

## II.  THE FACTS

3. On March 23, 2019, the Plaintiff was an invitee at Defendant's science museum known as Imagination Station located at 1 Discovery Way, Toledo, Ohio 43604.

4. On March 23, 2019 the Plaintiff was participating in an interactive activity that lifted the Plaintiff off the ground when the Plaintiff fell backwards.

5. The mat placed underneath museum patrons too small for the interactivity and was not flush with the wall.

6. When the Plaintiff fell, his head landed off the mat hyperextending his neck over the edge of the mat placed underneath him by the agent and/or employee of the Defendant causing Plaintiff to suffer severe and permanent injury to his cervical spine.

7. At the time the incident, the interactive activity that Plaintiff was engaged in, was conducted by the Defendant for the use of its business invitees, including the Plaintiff.

## III.  JURISDICTION AND VENUE

8. Plaintiff sustained a central cord injury as the result of the incident on March 23, 2019, and ultimately Plaintiff underwent a cervicothoracic spinal fusion from C2-T2 and laminectomies at C3-C7. Plaintiff has incurred past medical expenses in excess of $157,000.00 and will continue to incur medical expenses in the future.  Plaintiff was rendered permanently disabled as a result of the incident and has sustained lost wages and a loss of earning capacity.

9. As such, this Court has jurisdiction pursuant to 28 U.S.C. §1332 as the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

10. Venue is proper pursuant to 28 U.S.C. §1391 as a substantial part of the events or omissions giving rise to this cause of action occurred within this judicial district.

## IV. THE CLAIMS

11. At all times relevant herein, the Defendant had actual or constructive notice of the hazardous and dangerous condition created by the interactive activity that Plaintiff was engaged in.

12. The Defendant was negligent, in and among other things, for:

   a) Failing to conduct the aforesaid activity that it provided for its invitees in a reasonably safe manner;

   b) Failing to take steps reasonable calculated to remove and/or remediate the aforesaid dangerous and hazardous condition;

   c) Failing to warn the Plaintiff of the dangerous and hazardous condition; and/or

   d) Failing to position its mat in a manner that would have allowed Plaintiff to land on its mat safely and without injury.

13. The Defendant had a duty to: (a) conduct its activities in a manner that did not pose a dangerous or hazardous condition for its invitees, (b) take steps reasonably calculated to remove the aforesaid hazardous and dangerous condition, (c) warn the Plaintiff of the dangerous and hazardous condition and/or (d) position its mat in a manner that would have allowed Plaintiff to land on the mat safely and without injury.

14. The Defendant breached one or more of its duties delineated above.

15. As a direct and proximate result of the Defendant's negligence, the Plaintiff suffered severe and permanent injuries to his neck.

16. As a direct and proximate result of the Defendant's negligence, the Plaintiff experienced paralysis, pain, suffering, mental anguish and loss of enjoyment of life.

17. As a direct and proximate result of the Defendant's negligence, the Plaintiff has incurred past/future medical expenses, lost wages, and a loss of earning capacity.

WHEREFORE the Plaintiff prays for judgment against the Defendant in an amount reasonable to compensate the Plaintiff for all of his damages caused by the Defendant's negligence and for all other relief just and proper in these premises.

    Respectfully submitted,
    METZGER ROSTA LLP

    /s/ Kimberly R. Hughes
    Kimberly Roeder Hughes, Esq.
    Ohio Bar No. 92452
    32 S. 9th Street
    Noblesville, Indiana 46060
    (317) 703-2168 direct
    (317) 219-4606 main
    (317) 773-5077 fax
    khughes@metzgerrosta.com
    *Attorney for the Plaintiff*

## V. REQUEST FOR JURY TRIAL

The Plaintiff hereby requests a trial by jury in the above matter.

    Respectfully submitted,
    METZGER ROSTA LLP

    /s/ Kimberly R. Hughes
    Kimberly Roeder Hughes, Esq.
    Ohio Bar No. 92452
    32 S. 9th Street
    Noblesville, Indiana 46060
    (317) 703-2168 direct
    (317) 219-4606 main
    (317) 773-5077 fax
    khughes@metzgerrosta.com
    *Attorney for the Plaintiff*